NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE J. PALMER, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No.: 09-572 (JLL) |
| v. | )<br>)<br>) |
| | ) **OPINION** |
| JOHNSON & JOHNSON PENSION PLAN, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

**LINARES**, District Judge.

This matter comes before the Court on a motion to dismiss filed by Defendants. Plaintiff commenced this action on behalf of himself and others similarly situated alleging claims related to the payment of pension benefits and seeking: additional benefits and declaratory and injunctive relief pursuant to 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3) (Count One); interest on retroactive benefits pursuant to 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3) (Count Two); declaratory and injunctive relief and benefits related to the recoupment of overpayments pursuant to 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3) (Count Three); interest on the recoupment of overpayments pursuant to 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3) (Count Four); penalties for failure to provide plan documents pursuant to 29 U.S.C. §§ 1024(b)(4) and 1132(c)(1) (Count Five); monetary relief for breach of fiduciary duty pursuant to 29 U.S.C. §§ 1132(a) and 1104(a)(1)(D) (Count Six); and attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1) (Count Seven).

Defendants presently move to dismiss Counts Three, Four, and Six. The Court has considered the parties' submissions and decides this matter without oral argument as provided by Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' motion to dismiss is granted.

**I.    BACKGROUND**

The relevant facts plead for purposes of this motion are not in dispute. Plaintiff was an employee of Warner-Lambert and participated in its Retirement Plan, a qualified plan, and its Supplemental Retirement Plan, a top hat plan. (Compl. ¶ 12.) Both plans are Employee Retirement Income Security Act of 1974 ("ERISA") plans. (Id.) After various acquisitions, the former Warner-Lambert employees became employees of Johnson & Johnson ("J&J") and participants in the Defendant Johnson & Johnson Pension Plan and the Defendant Johnson & Johnson Excess Benefit Plan. (Id. at ¶¶ 11, 15.)

On April 20, 2007, Plaintiff's J&J employment ended. (Id. at ¶ 17.) J&J initially calculated Plaintiff's total pension benefits to be $17,835.36 per month. (Id. at ¶ 18.) Plaintiff received this benefit beginning on May 1, 2007. (Id.) But, by letter dated December 3, 2007, Plaintiff was informed that this benefit amount was incorrect; it had been miscalculated by J&J. (Id. at ¶¶ 17, 19.) The letter also informed Plaintiff of the newly calculated benefit amount, $16,295.85, and informed him that his December 2007 and January 2008 benefit payments would be reduced to recoup the overpayments made from May 2007 through November 2007, calculated by J&J to be $10,910.77. (Id. at 19.) Plaintiff, through his counsel, protested the recoupment as well as the new benefit calculation. (Id. at ¶¶ 20-26.) No response from J&J was received so Plaintiff filed the present suit. (Id.)

## II. LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (U.S. 2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). Additionally, in evaluating a plaintiff's claims generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). However, "a document integral to or explicitly relied on in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted, alteration in original). Here, Plaintiff's Complaint relies on and references the various plan documents as well as the December 2007 letter informing Plaintiff of the recalculation and recoupment of overpaid benefits. Therefore, these documents are properly considered for purposes of this motion.

## III. DISCUSSION

In their moving brief, Defendants argue that the Complaint fails to state a claim based on the recoupment of overpayments because the recoupment does not violate ERISA or the terms of the plans. Specifically, with respect to the Excess Benefit Plan, a top hat plan, Defendants assert that, contrary to the assertion made in the Complaint, the plan does not contain any provision precluding recoupment. With respect to the recoupment of overpayments from the Pension Plan,

a qualified plan, Defendants argue that such recoupment does not violate ERISA's anti-alienation clause.  Defendants also argue that Count Six fails to state a claim for breach of fiduciary duty, arguing that Plaintiff does not have standing to assert this claim and, additionally, that there is no cause of action for breach of fiduciary duty for top hat plans.  In his opposition, Plaintiff "concedes that the J&J Excess Benefit Plan does not contain its own anti-alienation clause as was alleged on information and belief."  (Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss, at 4 n.4 [hereinafter "Opp'n Br."].)  As a result, Plaintiff states that he is willing to "eliminat[e] this allegation" from the Complaint.  (Id.)  Likewise, he states that he also is willing to eliminate the breach of fiduciary duty claim in Count Six and "does not oppose [Defendants'] Motion insofar as it seeks dismissal of this claim."  (Id. at 15.)  Therefore, Counts Three and Four, as they relate to the recoupment of overpayments from the top hat plan, and Count Six are dismissed with prejudice.  The only opposed issue remaining is whether the recoupment of benefits paid under the qualified plan violates ERISA's anti-alienation provision.

ERISA's anti-alienation provision provides that "[e]ach pension plan shall provide that benefits provided under the plan may not be assigned or alienated."  ERISA § 206(d)(1), 29 U.S.C. § 1056(d)(1).  Plaintiff argues that recoupment of overpayments are not excluded by statute from this clause, and that judicially created exceptions are not permissible.  In Guidry v. Sheet Metal Workers National Pension Fund the Supreme Court held:

> Section 206(d) reflects a considered congressional policy choice, a decision to safeguard a stream of income for pensioners (and their dependents, who may be, and perhaps usually are, blameless), even if that decision prevents others from securing relief for the wrongs done them. If exceptions to this policy are to be made, it is for Congress to undertake that task.

493 U.S. 365, 376 (1990); see also Martorana v. The Bd. of Trustees of Steamfitters Local Union

420 Health, Welfare and Pension Fund, 404 F.3d 797, 804 (3d Cir. 2005) ("None of the amendments to § 206 . . . specifically apply to the situation we are faced with here and we refuse to craft another exception to § 206 where Congress has not recognized one.").

On the other hand, Defendants, citing related treasury regulations, argue that Plaintiff's exception argument is not relevant in this case because a recoupment of overpayments is not an exception to the prohibition against alienation or assignment, by definition it is not an alienation or assignment at all.  The regulations provide that "[t]he terms 'assignment' and 'alienation' do not include . . . (iii) Any arrangement for the recovery by the plan of overpayments of benefits previously made to a participant . . . ." 26 C.F.R. § 1.401(a)-13(c)(2)(iii).  Plaintiff argues that these regulations either "were never a valid exercise of regulatory authority" or that "they can no longer be considered [valid] after Congress's [subsequent] amendment of the anti-alienation provision [setting forth specific exceptions to the clause]."  (Opp'n Br., at 9-10.)   In Coar v. Kazimir, a case preceding the 1997 amendment to the anti-alienation clause, the Third Circuit stated that the definitions provided in the regulations "specifically exclude from ERISA's anti-alienation bar actions by the pension plan itself to apply or set-off vested pension benefits to recover debts owed by the participant to the plan as a result of a prior overpayment of benefits." 990 F.2d 1413, 1422 (3d Cir. 1993) (citing 26 C.F.R. § 1.401(a)-13(c)(2)(iii)).

Plaintiff also asserts that "[n]umerous courts have held that ERISA plans are not entitled to recoup payments by withholding benefits," citing Phillips v. Maritime Association - I.L.A. Local Pension Plan, 194 F. Supp. 2d 549 (E.D. Tex. 2001), and Dandurand v. Unum Life Insurance Company of America, 150 F. Supp. 2d 178 (D. Me. 2001).  However, contrary to Plaintiff's assertion, neither of these cases held that a recoupment of benefits violated the anti-

alienation provision. Instead, they each found that under equitable principles such recoupment was not appropriate under the facts of the cases. See Phillips, 194 F. Supp. 2d at 558; Dandurand, 150 F. Supp. 2d at 187. In fact, the court in Phillips stated: "This is not a discussion of the ability of ERISA plans to recoup benefit overpayments[;] [i]ndeed ample case law demonstrates that plans can recoup." 194 F. Supp. 2d at 555. Plaintiff also relies on the Third Circuit decision in Martorana for his argument that the regulations, if ever valid, are no longer so in light of subsequent amendments to § 206. But, Martorana did not involve recoupment of overpayments; it involved an offset of a judgment for attorney's fees against pension benefits. 404 F.3d at 804. The issue was not whether such an offset was an alienation or assignment, but rather whether it was a permissible *exception* to ERISA's anti-alienation clause. See id. at 803-04. Thus, Plaintiff has cited no case finding that all recoupment of overpayments violate § 206 or finding that the definitions in the regulations are no longer valid. On the contrary, as noted above, one case relied on by Plaintiff and decided after the amendments specifically acknowledged that, in general, plans may recoup overpayments.

Finally, Plaintiff argues that such recoupment is inappropriate because pursuant to ERISA § 502(a) a civil action for "[r]ecoupment of overpayments is generally unavailable in an ERISA action in law or equity." (Opp'n Br., at 12.) Plaintiff relies on Great-West Life & Annuity Insurance v. Knudson, 534 U.S. 204 (2002). In Great-West the Court held that "§ 502(a)(3), by its terms, only allows for equitable relief," which does not include an action for monetary damages. 534 U.S. at 221. This Court finds Plaintiff's argument based on § 502(a) unpersuasive. This case does not involve a civil action for recoupment, and the regulation definitions specifically exclude any arrangement for the recoupment of an overpayment of benefits from the

definition of alienation or assignment.  Thus, arguing that some limitation on recovery of overpayments in another context should be read to support the finding that recoupment is never allowed is not persuasive.  Additionally, in Northcutt v. GM Hourly-Rate Employees Pension Plan, the Seventh Circuit found that the holding in Great-West did not preclude an action for recoupment where the plan had a specific recoupment provision.  467 F.3d 1031, 1037 (7th Cir. 2006).  The holding in Northcutt also undercuts Plaintiff's argument that recoupment under any circumstances is prohibited.  Therefore, this Court agrees with Defendants that the issue here is not whether the recoupment was permissible as a valid *exception* to the anti-alienation clause, but whether the recoupment was an alienation or assignment at all.  If not, then it did not violate § 206 of ERISA.

       Plaintiff argues that, even if an arrangement for recoupment is permissible, no such arrangement existed here because the J&J plan does not specifically authorize the recoupment of overpayments.  Defendants argue that "any arrangement" under the regulations is not limited to an agreement by the parties or a provision in the plan.  They argue that the December 2007 letter informing Plaintiff of the recoupment was sufficient to satisfy the regulatory definition excluding the recoupment from the anti-alienation provision, and, therefore, Plaintiff has not stated a claim for violation of this provision.  Defendants rely on In re Morin, No. 04-46138, 2006 Bankr. LEXIS 1650 (Bankr. D.N.J. July 11, 2006).  The court in In re Morin acknowledged that the term "arrangement" was not defined in the regulation and found that "[w]hile an arrangement may certainly encompass an agreement between or among various parties, it can also be understood simply as a plan or course of conduct in which a single party engages to accomplish a desired result."  2006 Bankr. LEXIS 1650, at *15.  This Court agrees with Defendants and the court in In

re Morin that arrangement is not limited to an agreement between the parties. Additionally, although the Third Circuit in Martorana refused to extend Coar to find additional exceptions to the anti-alienation clause, see 404 F.3d at 803, there is nothing that suggests that the finding in Coar that, pursuant to 26 C.F.R. § 1.401(a)-13(c)(2)(iii), the definition of alienation or assignment does not include a recoupment of overpayments by the pension plan is no longer valid. Plaintiff cites no case to the contrary, finding a recoupment like the one in this case to be an alienation or assignment. In fact, as discussed above, many courts have found recoupment of overpayments by a pension plan not to be covered by ERISA's anti-alienation provision. Therefore, the Court also dismisses Counts Three and Four with respect to the recoupment of overpayments from the qualified plan. However, this dismissal will be without prejudice. Even though courts have generally found recoupment of overpayments by a pension plan not to violate ERISA's anti-alienation provision, the cases relied on by Plaintiff demonstrate that under certain factual circumstances, in furtherance of ERISA's purpose to provide beneficiaries with a reliable stream of income, recoupment may not be appropriate. Although Plaintiff presently has not plead any facts demonstrating hardship from the recoupment, he does argue in opposition that the recoupment was inequitable. Therefore, Plaintiff will be given an opportunity to amend the Complaint with respect to this claim.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Counts Three and Four, as they relate to the recoupment of overpayments from the top hat plan, and Count Six is granted; these claims are dismissed with prejudice. Defendants' motion to dismiss Counts Three and Four, as they related to the recoupment of overpayments from the qualified plan, is also granted, but these

claims are dismissed without prejudice to Plaintiff to file an amended complaint. An appropriate Order accompanies this Opinion.

DATED: September 17, 2009    /s/ Jose L. Linares
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE